IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SLWIA MARCINCZYK, )
 )
      Plaintiff, )
 )
  v. ) No. 09 C 1997
 )
CHICAGO POLICE OFFICER )
SLAWOMIR PLEWA, et al., )
 )
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City), Defendant Philip Cline's (Cline), Defendant Tisa Morris' (Morris), and Defendant Debra Kirby's (Kirby) motion to dismiss Count VI and motion to strike. For the reasons stated below, the motion to dismiss is granted in part and denied in part, and the motion to strike is denied.

## BACKGROUND

Defendant Bogdan Mazur (Mazur) is allegedly Plaintiff Sylwia Marcinczyk's (Marcinczyk) former husband. At the time of the incident in question, Marcinczyk

1

was allegedly engaged in divorce proceedings with Mazur, which involved the custody of their two minor children and their joint business. On or about April 1, 2007, Defendant Officer Slawomir Plewa (Plewa), an officer for the City police department (Department), and other City police officers allegedly stopped a vehicle (Vehicle) being driven by Marcinczyk. Plewa was allegedly acting based on a tip from an anonymous confidential source that illegal drugs and a weapon were in the Vehicle. The Vehicle was allegedly searched, a gun and illegal drugs were allegedly discovered in the Vehicle, and Plaintiff was arrested.

Marcinczyk contends that Plewa conspired with Mazur to plant the gun and illegal drugs in the Vehicle. At Marcinczyk's trial, Plewa allegedly testified that he had never met Mazur and that Mazur was not his confidential informant. Marcinczyk contends that the statements were not true and that Plewa and Mazur were allegedly later arrested. Plewa was allegedly charged with official misconduct, perjury, obstruction of justice and other charges. Mazur was allegedly charged with delivery of a controlled substance, delivery of cannabis, obstructing justice and disorderly conduct. Marcinczyk brought the instant action and includes in her complaint claims alleging unreasonable seizure brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 false arrest/imprisonment claims (Count II), state law false arrest/imprisonment claims (Count III), state law malicious

prosecution claims (Count IV), state law intentional infliction of emotional distress claims (Count V), claims brought against City supervisors and a Section 1983 *Monell* claim (Count VI), and indemnification claims (Count VII). The City, Cline, Morris, and Kirby (collectively referred to as "Defendants") move to dismiss the supervisory liability claims and the *Monell* claim in Count VI.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I. Supervisory Liability Claims

Defendants argue that the claims brought against Cline, Morris, and Kirby in their individual capacities based on supervisory liability should be dismissed. At the time in question, Cline was allegedly the superintendent of the Department, Morris was allegedly the Chief Administrator of the Department's Office of Professional Standards, and Kirby was allegedly the head of the Department's Internal Affairs Division. (A. Compl. Par. 6-8).

Marcinczyk has not alleged facts indicating that Cline, Morris, or Kirby were personally involved in the search of the vehicle, arrest of Marcinczyk, or subsequent prosecution of Marcinczyk. In order to hold an individual liable under Section 1983 based on the individual's supervisory status, a plaintiff must show that the supervisor "knew about . . . [the] misconduct and facilitated, approved, condoned, or turned a blind eye to it." *Trentadue v. Redmon*, 619 F.3d 648, 653 (7th Cir. 2010). There is no *respondeat superior* liability under Section 1983. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(stating that Section 1983 "does not allow actions against individuals merely for their supervisory role of others"). Marcinczyk alleges in a conclusory fashion

that Cline, Morris, and Kirby "turned a blind eye to" alleged practices and failed to "reform" an inadequate system for the supervision, training, and discipline of officers. (A Compl. Par. 37, 71). However, Marcinczyk fails to allege any facts that plausibly suggest that Cline, Morris, or Kirby "turned a bind eye" as alleged by Marcinczyk. Therefore, the motion to dismiss the supervisory liability claims brought against Cline, Morris, and Kirby in their individual capacities in Count VI is granted. To the extent that Marcinczyk brings claims against Cline, Morris, and Kirby in their official capacities as representatives of the City, such claims are dismissed as redundant since Marcinczyk has named the City as a Defendant in this case.

II. *Monell* Claim

Defendants argue that Marcinczyk has failed to state a valid *Monell* claim against the City. A local governmental entity can only be held liable for an unconstitutional act "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010).

5

Marcinczyk alleges that the City has a policy and practice "to endorse and encourage abuse of the 'confidential informant' process, the arrest of people without probable cause, and then the pursuit of wrongful conviction through profoundly flawed investigations." (A. Compl. Par. 34). As to Marcinczyk's allegations regarding confidential informants, Marcinczyk has not connected the alleged City policies and practices to the underlying alleged constitutional violations in this action. The Seventh Circuit has explained that "[a] plaintiff seeking to find a municipality liable under § 1983 must establish a causal nexus between his injury and the municipality's alleged policy or custom. . . ." *Palmquist v. Selvik*, 111 F.3d 1332, 1344 (7th Cir. 1997); *see also Monell*, 436 U.S. at 694 (indicating that the plaintiff must show that the policy or custom "inflict[ed] the injury" and is the "moving force of the constitutional violation"); *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 306 (7th Cir. 2010)(stating that "[a] governmental body's policies must be the *moving* force behind the constitutional violation before [a court] can impose liability under *Monell*"); *Adkisson v. Dart*, 2011 WL 250396, at *3 (N.D. Ill. 2011)(agreeing with the defendant that the plaintiff had "not pled a nexus between his injury and a custom, practice or policy"); *Hamilton v. Pabey*, 2010 WL 3952279, at *2 (N.D. Ind. 2010)(stating that "[a] plaintiff seeking to find a municipality liable under § 1983 must also establish a causal nexus between his

injury and the municipality's alleged policy or custom").

Based on the allegations in the complaint, Plewa's wrongful act was his involvement in the planting of the illegal drugs and gun in the Vehicle and the subsequent wrongful arrest and prosecution of Marcinczyk. Plewa's alleged statements about acting based on a tip from a confidential informant were merely an attempt by Plewa to cover up his actions and lies. The use of confidential informants, the proper use of confidential informants, or the improper use of confidential informants is not an issue in this case. Plewa's statements about confidential informants relate only tangentially to the alleged violations in this case, which, as indicated above, was the alleged planting of the illegal drugs and gun in the Vehicle and the subsequent wrongful arrest and prosecution of Marcinczyk. The alleged policy and practice relating to confidential informants is not sufficiently connected to the alleged constitutional violations in this case.

Marcinczyk also alleges that the City policy, practice, and custom to arrest people without probable cause and to pursue wrongful convictions through flawed investigations and failure to properly train, supervise, and discipline its police officers resulted in the constitutional violations in this case. (A Compl. Par. 69-71). At this juncture, Marcinczyk has provided specific and sufficient allegations relating to the *Monell* claim against the City. Therefore, Defendants' motion to dismiss the

*Monell* claim in Count VI is denied.

Defendants also request that the court strike some of what they deem unnecessary boilerplate language from the amended complaint. Motions to strike are generally disfavored. *See, e.g., Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007)(stating that "[m]otions to strike sentences or sections out of briefs waste everyone's time"). The complaint is not excessively long or unclear. In addition, it is not uncommon for a complaint to contain some boilerplate language and Defendants have not identified any specific prohibition of the use of such language in the Federal Rules of Civil Procedure. Also, the court notes that Marcinczyk has the burden to present sufficient and specific factual allegations to state a claim to relief that is plausible on its face. The alleged boilerplate statements are specifically related to Marcinczyk's *Monell* claim against the City. Defendants have not shown that anything in the amended complaint warrants being stricken. Therefore, Defendants' motion to strike is denied.

**CONCLUSION**

Based on the foregoing analysis, Defendants' motion to dismiss the claims brought against Cline, Morris, or Kirby in Count VI is granted and Defendants' motion to dismiss the *Monell* claim in Count VI is denied. In addition, Defendants' motion to strike is denied.

                                                    Samuel Der-Yeghiayan
                                                    United States District Court Judge

Dated: July 8, 2011