## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SLWIA MARCINCZYK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 09 C 1997 |
| | ) | |
| CHICAGO POLICE OFFICER | ) | |
| SLAWOMIR PLEWA, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City) motion for summary judgment. For the reasons stated below, the motion is denied.

### BACKGROUND

Defendant Bogdan Mazur (Mazur) is allegedly Plaintiff Sylwia Marcinczyk's (Marcinczyk) former husband. At the time of the incident in question, Marcinczyk was allegedly engaged in divorce proceedings with Mazur, which involved the custody of their two minor children and their joint business. On or about April 1, 2007, Defendant Officer Slawomir Plewa (Plewa), an officer for the City police

1

department (Department), and other City police officers allegedly stopped a vehicle (Vehicle) being driven by Marcinczyk. Plewa was allegedly acting based on a tip from an anonymous confidential source (Confidential Informant) indicating that illegal drugs and a weapon were in the Vehicle. The Vehicle was allegedly searched, a gun and illegal drugs were allegedly discovered in the Vehicle, and Marcinczyk was arrested.

Marcinczyk contends that Plewa conspired with Mazur to plant the gun and illegal drugs in the Vehicle. At Marcinczyk's criminal trial, Plewa allegedly testified that he had never met Mazur and that Mazur was not the Confidential Informant. Marcinczyk contends that the statements Plewa made at trial were not true.

Marcinczyk brought the instant action and includes in her complaint claims alleging unlawful seizure brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 false arrest/imprisonment claims (Count II), state law false arrest/imprisonment claims (Count III), state law malicious prosecution claims (Count IV), state law intentional infliction of emotional distress claims (Count V), claims brought against City supervisors and a Section 1983 *Monell* claim (Count VI), and indemnification claims (Count VII). The City, Defendant Philip Cline (Cline), Defendant Tisa Morris (Morris), and Defendant Debra Kirby (Kirby) moved to dismiss the supervisory liability claims and the *Monell* claim. On July 8, 2011, the

court granted the motion to dismiss the claims brought against Cline, Morris, and Kirby, and denied the motion to dismiss the *Monell* claim. The City now moves for summary judgment on the *Monell* claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

The City argues that Marcinczyk has failed to point to sufficient evidence for the *Monell* claim. A local governmental entity can only be held liable for an unconstitutional act "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010).

I.  Weighing Merits of Case

The City argues that Marcinczyk has not presented evidence to show that any City policy or practice existed. According to the City, Marcinczyk "fails to adduce any evidence that th[e] alleged customs and practices exist. . . ." (Mem. SJ 9). However, the City's statement is contradicted by the record in this case. For example, in addition to other evidence, Marcinczyk has pointed to certain statistical records and public records, which are circumstantial evidence that support Marcinczyk's contention that certain customs and practices exist. In arguing that Marcinczyk has produced no evidence, the City discounts and discredits all the

evidence produced by Marcinczyk and would thus have the court deem such evidence worthy of little or no weight. While the City may dispute the accuracy of the evidence presented by Marcinczyk, or the weight to be given to such evidence, it is nonetheless evidence. The Seventh Circuit has made clear that "at the summary judgment stage, 'the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Shaffer v. American Medical Ass'n*, 662 F.3d 439, 443 (7th Cir. 2011)(quoting *Anderson*, 477 U.S. at 249); *Costello v. Grundon*, 651 F.3d 614, 636 (7th Cir. 2011)(stating that "[o]n summary judgment, a court may not weigh the evidence or decide which inferences should be drawn from the facts"); *A. Kelley's Garage, Inc. v. Village of Stone Park*, 2005 WL 991768, at *4 (N.D. Ill. 2005)(explaining that "[a]t the summary judgment stage [the court] cannot act as the trier of fact and judge the case on the merits," and indicating that the court merely found "that there [were] sufficient genuinely disputed facts to proceed onward to trial"); *see also Arias v. Allegretti*, 2008 WL 191185, at *3 (N.D. Ill. 2008)(denying City's motion for summary judgment and noting that "[t]he City's argument that [certain] conclusions are unreliable because he relied on a *de minimus* sample goes to the weight of his testimony, not its admissibility"). Thus, in discounting the evidence pointed to by Marcinczyk, the City is improperly seeking through summary

5

judgment to have the court act as the trier of fact and weigh the merits of

Marcinczyk's *Monell* claim.


## II.  Materials Not Produced During Discovery

The City argues that certain evidence pointed to by Marcinczyk in opposition

to the instant motion was not properly disclosed during discovery.  The City argues

that it is at a disadvantage because it could not adequately investigate matters relating

to the newly disclosed evidence.  The evidence at issue appears to be records that are

all of public record and relate directly to the City.  Marcinczyk has not been given an

opportunity to respond to the City's accusations relating to discovery, since the City

has not filed a proper motion to bar the introduction of such discovery.  Had the City

done so, the court would have set a briefing schedule and provided Marcinczyk with

an opportunity to respond.  In addition, the City has provided only a general

statement that it might be disadvantaged because it might want to conduct additional

discovery, "if necessary," based on the new evidence.  (Reply 2-3).  The City fails to

identify any specific need to conduct additional discovery.  Also, the evidence

referenced by Marcinczyk is public record and there does not appear to be any reason

why the City would be unaware of such evidence or be unduly surprised by the

existence of such evidence.  The City also contends that Marcinczyk has failed to

identify the witnesses that she will use to introduce certain evidence. However, the City has failed to bring any motion relating to such a discovery issue. Therefore, for the purposes of the instant motion, the court will consider all of the evidence.

## III. Quality of Opposition Brief

The City argues that the court should deny Marcinczyk's motion in part because, in the City's opinion, Marcinczyk's opposition brief is not well-written or organized. The City contends, for example, that Marcinczyk "throws a lot of information at the wall and hopes something sticks, but in no way does she explain how and why this information supports her claim." (Mem. SJ 13). The City also contends that Marcinczyk "drops a pile of documents on the Court's doorstep and rests on the hope that the judge will explicate the arguments and find proof therein which [Marcinczyk] has not specifically identified." (Reply 3). However, as indicated above, a motion for summary judgment raises the issue of whether there is a genuine issue as to any material fact. Fed. R. Civ. P. 56(c). A motion for summary judgment is not a proper vehicle to resolve whether a brief could have been written or organized in a better fashion. In addition, although the City opines that Marcinczyk's opposition brief is not well-written, the Court had no difficulty in fully understanding all of the arguments presented by Marcinczyk and the specific

evidentiary bases for Marcinczyk's arguments.

## IV.  Evidence to Support *Monell* Claim

The City argues that Marcinczyk has not pointed to sufficient evidence to support a *Monell* claim.  The City argues that the alleged policy or practice put forth by Marcinczyk relating to a failure to train and supervise is too broad and vague.  However, Marcinczyk has made clear at this juncture that the only practice that she is basing her *Monell* claim on is the City's alleged practice of failing to conduct proper investigations of allegations of police misconduct and failing to effectively discipline police officers for misconduct.  (Ans. SJ 9-10, 13).  Marcinczyk contends that the alleged City practice created a belief among City police officers that they could act with impunity when they violated the law, such as in this case where Plewa is alleged to have attempted to frame Marcinczyk.  Marcinczyk argues that the consistent lack of effective investigation into complaints about police misconduct and the lack of effective discipline of officers for police misconduct engendered in the minds of officers such as Plewa a belief that they faced little risk of material harm when they used their official position to violate the law.  Marcinczyk argues that such alleged practice by the City resulted in the alleged blatant and egregious abuse of official authority by Plewa when he allegedly attempted to frame Marcinczyk for a crime she

did not commit.

The City also argues that Marcinczyk has provided evidence only relating to a "single incident," namely the alleged misconduct by Plewa in this case. (Mem. SJ 9). The City argues that evidence of one instance of misconduct does not show a policy or practice on the part of the City. Again, however, the City is discounting the evidence contained in the record that is pointed to by Marcinczyk. Marcinczyk has provided evidence relating to the City's investigation of police misconduct and discipline of police officers for misconduct relating to instances and officers other than those at issue in this case. For example, Marcinczyk has presented documentary evidence indicating that only a minuscule percentage of civil rights complaints are found to be meritorious after investigations and that officers who have complaints lodged successfully against them are subject to only minimal discipline. Marcinczyk has also produced evidence from public hearings that were held by the City to specifically address the problem of police misconduct and the lack of effective investigation into complaints of police misconduct and lack of discipline of officers found to have committed misconduct. Marcinczyk has also shown that testimony was presented at those hearings on such issues. Marcinczyk has also produced evidence relating to an official resolution by the City Police Committee (Committee). It is undisputed that the Committee recognized that City "police officers who do not

9

carry out their responsibilities in a professional manner have ample reason to believe that they will not be held accountable, even in instances of egregious misconduct." (SAF Par. 24). Marcinczyk has also presented official reports prepared by the City that addresses the issue of police misconduct.

The City also argues that it believes that some of the evidence pointed to by Marcinczyk actually supports the City's position instead of Marcinczyk's position. (Reply 10-11); (R SAF Par. 24). However, that argument merely emphasizes that there are genuinely disputed material issues that need to be resolved by a jury at trial. The jury will be able to evaluate the evidence and decide whether the evidence shows what Marcinczyk contends that it shows or whether the evidence shows what the City contends that it shows. At trial, the City will be able to present a defense and introduce evidence. The City will also have the opportunity to argue during closing arguments what the City believes that the evidence presented at trial shows.

Based upon the unique facts in this case, Marcinczyk has pointed to sufficient evidence that could lead a reasonable trier of fact to conclude in this case that Plewa knowingly became involved in the scheme with Mazur to frame Marcinczyk for a crime she did not commit in order to adversely impact Marcinczyk's custody of her children and her business interests. The City argues that Marcinczyk must show that there is a policy or practice that can be attributed to the City, which led to the

misconduct alleged in this case. Marcinczyk is not speculating in this case that some broad and far-removed practice by the City, such as a deficiency in the police officer hiring process, ultimately led to the alleged misconduct in this case. In this case, Marcinczyk contends that Plewa blatantly abused his official powers to attempt to frame an individual for a crime she did not commit. Marcinczyk asserts that Plewa would not have been willing to risk such an egregious violation of the law had he feared that his alleged misconduct would be properly investigated and, if discovered, that he would face serious disciplinary consequences. Marcinczyk has presented sufficient evidence for a reasonable trier of fact to infer that the moving force underlying Plewa's alleged misconduct was a belief that his misconduct would not be discovered and that, even if discovered, he would not face any effective disciplinary action resulting from such misconduct. Marcinczyk has presented sufficient evidence to show that Plewa's belief was based upon the alleged City practice at issue in this case. Marcinczyk is not required at this juncture to establish causation by a preponderance of the evidence. It is sufficient that a reasonable trier of fact could find that causation exists.

The court is not making any finding as to whether or not Marcinczyk's *Monell* claim has merit. As indicated above, the court is not acting at this juncture as the trier of fact. The court is merely concluding that Marcinczyk has presented sufficient

evidence that the *Monell* claim should be resolved at trial by the jury. It will be incumbent upon Marcinczyk at trial to establish by a preponderance of the evidence that Plewa engaged in the misconduct alleged by Marcinczyk, that a policy or practice existed at the City, and that such policy or practice was the moving force behind the alleged misconduct. Therefore, based on the above, the City's motion for summary judgment on the *Monell* claim is denied.

## CONCLUSION

Based on the foregoing analysis, the City's motion for summary judgment on the *Monell* claim is denied.


Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 25, 2012